IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AIG AVIATION INSURANCE
and CURTIS AND CURTIS, INC.,

          Plaintiffs,

vs.                                                                                      CIVIL NO.  09-352 BB/LFG

AVCO CORPORATION,
dba Lycoming Engines;
and KELLY AEROSPACE,

          Defendants.

## ORDER DENYING PLAINTIFFS' MOTION
## AS TO SUPPLEMENTATION OF EXPERT OPINIONS[1]

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to Supplement Expert Opinions or Strike All New Expert Opinions [Doc. 87]. No response is necessary. For the reasons hereafter stated, Plaintiffs' motion to supplement expert opinions is denied.

Plaintiffs were required to submit their full and complete expert reports no later than September 15, 2010. The Court's case management plan requires that a plaintiff submit its expert opinions first, and, one month later, defendant(s) submit their expert reports. A reasonable amount of time is afforded the parties to complete discovery, including depositions of the experts, after submission of both sides' reports. In this case, discovery ended on December 15, 2010.

Indeed, all case management deadlines have elapsed, and the case is set for a pretrial conference in approximately six weeks, with trial slated to commence on May 2, 2011. Now, six months after the deadline for submitting an expert report, Plaintiffs wish to "supplement" their

---

[1] This Court does not address Plaintiffs' request to strike Defendants' "new expert opinions" that were attached to Defendants' motion to exclude Plaintiffs' expert opinions under Daubert. That matter is more properly raised before the District Court Judge who will decide the motion to exclude.

report and offer new affidavits. This is impermissible and will not be allowed.

## Analysis

Fed. R. Civ. P. 26(a)(2) governs the disclosure of expert witnesses. The Rule directs that the disclosure of testifying experts "be accompanied by a written report–prepared and signed by the witness," which "must contain . . . a complete statement of all opinions a witness will express and the basis and reasons for them . . . ." Fed. R. Civ. P. 26(a)(2)(B) (amended December, 2010).

The Rule further provides, "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 26(a) expert reports are intended not only to identify the expert witness, but also to set forth the substance of the direct examination. Such reports are necessary to allow the opposing party a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses. Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir.), *cert. denied*, 537 U.S. 1066 (2002).

> Part of the purpose of requiring parties to provide one another with expert reports is to avoid one party being ambushed by complex expert testimony–outside the ken of lay persons by definition– without having time to consult with another expert to determine if and how the other party's expert testimony can be rebutted.

Guidance Endodontics LLC v. Dentsply Int'l, 2009 WL 3672373, at *8 (D.N.M. Sep. 24, 2009) (unpublished) (*citing* Means v. Letcher, 51 F. App'x 281, 282 (10th Cir. Oct. 9, 2002) (expert reports required to be detailed and complete in order to minimize the expense of deposing experts, shorten direct examination and prevent ambush at trial) (unpublished)).

Moreover, Rule 26(a)(2)'s mandatory disclosure obligations further the salutary purposes of the Civil Justice Reform Act ("CJRA"), that is, to reduce the costs of litigation and expedite the ultimate disposition of cases. 28 U.S.C. § 471 *et seq.* For example, advance knowledge of an opponent's proof on a claim or defense is an invaluable aid in deciding whether to settle or litigate.

If a party is better able to evaluate the strength and weakness of the case, settlement is more likely. On the other hand, if the case is one that must be tried, advance knowledge of the opponent's evidence assists in preparing to meet the proofs at trial. The case can be presented more efficiently, expeditiously and economically, thus, fulfilling the purposes of the CJRA. In addition, the Advisory Committee commentary to Rule 26 provides:

> [T]his subdivision [26(a)] imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement.

Fed. R. Civ. P. 26 advisory committee's note (1993 Amendments).

The revised rules eliminate the former process of trial by ambush and mandate full disclosure of relevant information necessary to evaluate the case or prepare for trial at an early stage of proceedings. The mere fact that Plaintiffs' expert may now be available for an out-of-time deposition does not cure the problem. In Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 516 U.S. 822 (1995), the same proposal was presented. The plaintiff argued that its expert was available for a deposition and thus the opposing party could discover the full extent of the opinion. The court rejected the argument and found that sanctions were appropriate.

The failure to comply with a scheduling order was not excused simply because the expert was now available for a deposition. The Court held that to rule otherwise would frustrate the purpose of the automatic disclosure rule, which is "the elimination of unfair surprise to the opposing party and the conservation of resources." Id. *See also* Aircraft Gear Corp. v. Kaman Aerospace Corp., 1995 WL 571431, at *1 (N.D. Ill. Sep. 25, 1995) (1993 Amendments to Rule 26 intended to eliminate vestiges of the "fox-hunt" theory of litigation).

Thus, it is not sufficient that opposing parties would have a supplemental report in hand now

before trial.  The intent of the rule is to ensure that expert depositions can proceed with parties already armed with the expert's report so as to be able to effectively cross-examine the expert and prepare for trial, or determine if a counter report is necessary.

Plaintiffs request is far more than an eleventh-hour motion.  At this late date, Plaintiffs cannot be allowed to supplement expert reports that provide new expert opinions.  The 1993 Advisory Committee Note to Rule 26 warns litigants, "Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed."

The Court further observes that reopening discovery will not cure the problem.  A pretrial conference is set, as is a trial.  Should the Court allow the supplementary reports, it would be bound to reopen discovery so as to allow the opposing party time for its own expert to review the new report and formulate new opinions.  Additionally, because there would be new affidavits and new opinions in the supplementary report, or at least suggestions of a new basis for an opinion, Defendants would have a right to take a new deposition of the expert.  The new deposition testimony could well lead Defendants to modify their prior reports or to retain new experts to counter any opinion testimony being offered in the supplement.  The new experts would, in turn, prompt Plaintiffs to want to examine the Defendants' revised opinions that may be offered.  All of this would contribute to significant delay in the ultimate disposition of the case, increase costs, and thwart the Court's case management plan and the existing trial date.

Finally, the Court notes that in <u>Resolution Trust Corp. v. Gregory</u>, D.N.M. CIV 94-52 MV/PJK/LFG (D.N.M. Dec. 13, 1995) [Doc. 184], Circuit Judge Paul J. Kelly, sitting by designation, rejected plaintiff's argument that it could file "supplements" intended to "deepen" and "strengthen" its own expert's prior report.  Judge Kelly wrote:

> Fed. R. Civ. P. 26(a)(2)(B) requires that an expert report "contain a complete statement of all opinions to be expressed and the basis and the reasons therefor" to facilitate discovery. Although Fed. R. Civ. P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness's report (indeed, the lawsuit) from the outset)

Thus, Judge Kelly denied the plaintiff's request to supplement the expert report.

The Court determines that the request is untimely and would violate the Court's case management plan and Plaintiffs' disclosure obligations under the federal expert report rule 26(a)(2)(B). Accordingly,

IT IS ORDERED that Plaintiffs' motion to supplement expert opinions is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge